## *In re* ARCHIBALD CLARK.

No. A-2665. Opinion Filed July 13, 1916.

(157 Pac. 1188.)

Application of Archibald Clark for writ of *habeas corpus*. Case dismissed.

*J. H. Mathews, William Phieffer* and *Pruiett & Sniggs,* for petitioner.

*R. McMillan,* Asst. Atty. Gen., for respondent.

PER CURIAM. This is an application for writ of *habeas corpus* to be admitted to bail, filed in this court on March 6, 1916. It is alleged in said petition that on the 20th day of February, 1914, petitioner was adjudged guilty by a jury in the District Court of Carter county, which said verdict fixed his punishment at thirty days in the county jail and a fine of fifty dollars for the alleged crime of maintaining a place for the unlawful sale of intoxicating liquors. That prior to the beginning of said trial at which said verdict was rendered petitioner was at liberty under a bail bond, and immediately after the rendition of said verdict he

made application to the judge of the District Court for permission to remain at liberty on said bond until his motion for new trial could be heard and passed upon; that said application was refused; that the motion for new trial was filed within the time prescribed by law; then petitioner again applied to be allowed to give bond, and to have his bail fixed pending the hearing and determination of his motion for a new trial; that the judge of said court without any good or sufficient cause arbitrarily refused to fix bail bond, or to admit him to bail.

Petitioner further alleges that said motion for new trial has not been heard or decided; that judgment and sentence has not been pronounced upon him, and that he is unlawfully imprisoned and restrained of his liberty by the sheriff of Carter county under the order of said court.

Upon said application being presented to the presiding judge, he held the showing made insufficient to warrant the issuance of a writ, but ordered that a rule to show cause why petitioner should not be enlarged on bail issue, returnable before this court the 11th day of March, 1916. Before the answer day it was shown to the court that said District Court made and entered an order allowing petitioner to be discharged upon bail fixed in a reasonable amount, and thereupon counsel for petitioner moved to dismiss his application. The cause is therefore dismissed.