# VIRGIL SHAW v. STATE.

No. A-2526.  Opinion·Filed June 11, 1917.

(165 Pac. 617.)

1. **LARCENY—Evidence—Possession of Recently Stolen Property—Effect.** The possession of recently stolen personal property is a circumstance to be considered in connection·with other competent evidence in the trial of a larceny case; but such possession alone is not sufficient proof of the crime to warrant a conviction, when a reasonable explanation of the possession of same is made and the circumstances tend to support the explanation.

2. **SAME—Sufficiency of Evidence.** ·When the whole evidence fails to establish the commission of the offense charged, a verdict and judgment of guilty are contrary to the evidence.

*Appeal from District Court, Comanche County;*
*Cham Jones, Judge.*

Virgil Shaw was convicted of larceny, and appeals.
Reversed.

*J. F. Thomas* and *J. A. Hughes,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.  Virgil Shaw was convicted in the district court of Comanche county on a charge of larceny, and his punishment fixed at imprisonment in the state penitentiary for a term of two years.  To reverse this judgment, he has brought this appeal.

The proof offered on behalf of the state tends to show that Priscilla Scott, a negro woman living in Lawton, Okla., owned a red calf about three months old; that she had loaned the same to a neighbor, who had tied it with a rope near his house in Lawton; that on the night of September 17th the calf was stolen; that the calf was found at the home of the plaintiff in error in the moun-

tains about 25 miles from Lawton; that plaintiff in error was seen about 2 o'clock in the afternoon driving a wagon in the direction of his home with the calf in question in the wagon. That after reaching home, this calf, together with two or three others, was offered for sale to different neighbors; among them, Deputy Sheriff W. T. Herring. The calf was kept in a pasture along a public highway. When prosecuting witness went to the place and claimed the calf, she was told by the plaintiff in error that he had purchased it from a negro man in Lawton and that he had paid $8 for it. He would not give it up, so she instituted a replevin suit. A redelivery bond was executed by the plaintiff in error, and the calf retained by him until such time as investigation showed conclusively that the calf had been stolen from the negro woman. It was then returned to her by him.

At the close of the state's testimony, a demurrer to the evidence was interposed and a motion requesting the court to advise the jury to return a verdict of not guilty on the ground that the evidence failed to establish the crime of larceny against plaintiff in error. This motion was overruled, and exceptions reserved.

The plaintiff in error took the witness stand in his own behalf and introduced a number of witnesses. He testified that he bought the calf at a certain place in Lawton from a negro man; that the negro man helped him load it in the wagon; that he paid $8 for it and hauled it home; that he did not steal it and did not know that it was stolen; that he left Lawton about 2 o'clock in the afternoon. He introduced a number of witnesses who testified that they saw him on his way home, one or two of whom testified they tried to buy the calf from him;

that he told them he bought it in Lawton and had paid $8 for it. He offered other testimony to the effect that he had tried to find the negro from whom he purchased the calf, but had been unsuccessful.

The propositions urged in the brief are based upon the contention that the court erred in overruling the demurrer to the evidence and refusing to advise the jury to bring in a verdict of not guilty, and that the verdict and judgment are contrary to the evidence.

We think that the court should have sustained the demurrer to the evidence and should have discharged the plaintiff in error at the close of the state's testimony. The only thing established by the state's testimony is the fact that the plaintiff in error was in possession of this calf 25 miles away from Lawton; that it was held in a small pasture near the home of the plaintiff in error in full view of the public highway; that it had been offered for sale to the deputy sheriff residing in the community and others; that he hauled it from the city of Lawton to his home in the daytime along the public road with no apparent effort at any time to conceal the same or to mislead any one as to his claim of ownership.

The possession of stolen property is always a circumstance to be considered in connection with the charge of larceny, but possession of a stolen animal alone is not sufficient proof of the crime to warrant a conviction when a reasonable explanation of the possession of the same is made and the circumstances tend to support the explanation. *Cox v. Territory*, 2 Okla. Cr. 668, 104 Pac. 378; *Howard v. State*, 9 Okla. Cr. 337, 131 Pac. 1100.

The proof offered by the state fails to disclose conduct on behalf of the plaintiff in error which indicated

13 O C R—17

that he had stolen this calf. It would be unreasonable to believe that a man would drive into a city the size of Lawton, steal a calf in broad daylight and haul the same home, stop along the road and talk to different individuals concerning the calf, then place it in a pasture near a public highway, and send for a deputy sheriff and offer to sell it to him.

In our judgment, the court should have sustained the demurrer and motion to advise the jury to return a verdict of not guilty. The verdict and judgment are contrary to the evidence.

The judgment is reversed, and the cause remanded, with directions to grant a new trail.

DOYLE, P. J., and MATSON, J., concur.