## JOHN SMITH v. STATE.

No. A-2985.   Opinion Filed June 29, 1918.

(173 Pac. 532.)

HOMICIDE—Assault With Intent to Kill—Self-Defense—Burden of Proof—Instruction. In a trial for assault with intent to kill, where the issue was justification in self-defense. the court instructed the jury, in part, as follows: "If you find beyond a reasonable doubt, from the testimony admitted for your consideration, that at the time the defendant shot at the prosecuting witness Beasley the said Beasley was attempting to draw a gun in an assault upon the defendant. and in such way and manner as to endanger the life of the defendant, or to do him great bodily harm. * * * and under these circumstances the defendant shot at the prosecuting witness, then you are instructed that he did so in his own self-defense. You are further instructed that

should you find beyond a reasonable doubt that the prosecuting witness was attempting to make an assault upon the defendant herein at the time of the shooting, and was in the act of drawing his gun for the purpose of executing the assault upon the said defendant, and the defendant in the exercise of his right of self-defense shot at the said Beasley, and was justifiable in the firing of the first shot under his right of self-defense, and should you find from the testimony that the prosecuting witness Beasley, after the firing of the first shot on the part of the defendant herein ceased his attack, if any, upon the defendant herein, and began his retreat, then the right of self-defense pleaded by the defendant herein immediately ceased." Held, prejudicial error, as placing the burden of proof upon the defendant and requiring the jury, before finding for acquittal, to believe from the evidence beyond a reasonable doubt that the defendant was innocent.

*Appeal from District Court, Love County;*
*W. R. Freeman, Judge.*

John Smith was convicted of assault with intent to kill, and he appeals. Reversed, and a new trial ordered.

*J. C. Graham,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. This appeal is prosecuted from a conviction had upon an information charging that John Smith did in Love county, on or about the 14th day of June, 1916, commit the crime of assault with intent to kill by making an assault upon one Edgar Beasley, by shooting at him with a pistol with the felonious intent to kill him. In pursuance of the verdict of the jury, the court sentenced the defendant to imprisonment for the term of two and one-half years in the penitentiary. To reverse the judgment an appeal was perfected by filing in this court on April 21, 1917, a petition in error with case-made.

The evidence for the state shows that on the date alleged the defendant, John Smith, a deputy sheriff, with

John Scott, a constable, entered the store of McLaughlin Bros., in the town of Thackerville, and the defendant fired three shots with a pistol at Edgar Beasley; that Beasley was unarmed.

It appears from the testimony of John Scott and the defendant, John Smith, that they went to the store of McLaughlin Bros. for the purpose of serving a warrant upon the prosecuting witness, Edgar Beasley; that the defendant said to Beasley, "Mr. Beasley, do you expect to kill old men and beat them up all your life and get by with it?" That Beasley remarked that he always had, and started as if to draw a gun from his hip pocket, and the shooting commenced, and that the defendant acted in his own necessary self-defense.

It was shown on the cross-examination of Beasley that on the day before the shooting occurred he had a difficulty with E. M. Smith, the father of this defendant, in which he knocked the defendant's father down, and that he had been convicted in Cook county, Tex., in a homicide case.

The principal question in this case is whether the jury were properly instructed by the court on the law of self-defense. Over the defendant's objections and exceptions, the court gave the following instructions:

"IX. If you find beyond a reasonable doubt, from the testimony admitted for your consideration, that, at the time the defendant shot at the prosecuting witness Beasley, the said Beasley was attempting to draw his gun in an assault upon the defendant, and in such way and manner as to endanger the life of the defendant, or to do him great bodily harm, or if from all the facts and circumstances you find that it was reasonably apparent to the defendant at the time of the shooting that he was about to be as-

saulted by the said Beasley in such way and manner as that his life was in danger, or that great bodily harm was about to be done him the defendant, by the said Beasley, and under these circumstances the defendant shot at the prosecuting witness Beasley, then you are instructed that he did so in his own self-defense, and in the defense of his person he had a right to shoot or to use such force as was reasonably apparent to him so long as the prosecuting witness continued his assault upon him.

"Excepted to by the defendant and exception allowed.

"W. F. FREEMAN, *Judge.*"

"X.    You are further instructed that should you find, beyond a reasonable doubt, the prosecuting witness Beasley was attempting to make an assault upon the defendant herein at the time of the shooting, and was in the act of drawing his gun for the purpose of executing the assault upon the said defendant, and the defendant in the exercise of his right of self-defense shot at the said Beasley, and was justifiable in the firing of the first shot under his right of self-defense, and should you find from the testimony that the prosecuting witness Beasley, after the firing of the first shot on the part of the defendant herein, ceased his attack, if any, upon the defendant herein, and begun his retreat, then the right of self-defense pleaded by the defendant herein immediately ceased, and if you find from the evidence, beyond a reasonable doubt, that he shot at the witness Beasley after he (Beasley) had ceased his assault upon the defendant, if any, and begun his retreat, and that the defendant continued to shoot at the said Beasley, you should find him guilty as charged.

"Excepted to by the defendant and exception allowed.

"W. F. FREEMAN, *Judge.*"

The Attorney General has filed a confession of error in part as follows:

"In his instructions to the jury the court below told the jury, in section 9 of his regular charge, that if they

believed beyond a reasonable doubt that Beasley was attempting to draw his gun to assault defendant, and under those circumstances the defendant shot Beasley, then the defendant would be entitled to his plea of self-defense; thus placing the burden on the defendant to prove his defense beyond a reasonable doubt.

"In section 10 of the charge the court again puts the burden of proof upon the defendant to make out his defense beyond a reasonable doubt.

"This court has time and again held that no burden of this character should be put upon a defendant. *Findley v. State*, 13 (Okla. Cr.) 131 (162 Pac. 680); *Havill v. State*, 11 (Okla. Cr.) 484 (148 Pac. 683); *Nichols v. State*, 10 (Okla. Cr.) 250 (135 Pac. 1071); *McGill v. State*, 8 (Okla. Cr.) 500 (129 Pac. 75); *Cowherd v. State*, 7 (Okla. Cr.) 2 (120 Pac. 1021); *Mitchell v. State*, 6 (Okla. Cr.) 622 (117 Pac. 1132); *Davis v. State*, 4 (Okla. Cr.) 572 (113 Pac. 220); *Culpepper v. State*, 4 (Okla. Cr.) 111 [111 Pac. 679, 31 L. R. A. (N. S.) 1166, 140 Am. St. Rep. 668]; *Rhea v. State*, 3 (Okla. Cr.) 272 (105 Pac. 381), etc.

"We can recall of no burden that is placed upon the defendant in a criminal case that forces him to prove any defense beyond a reasonable doubt; we therefore confess error herein. Respectfully submitted."

Upon a careful consideration of the record, we are of the opinion that the confession of error is well founded and should be sustained. It follows that the conviction and judgment should be reversed, and a new trial ordered.

ARMSTRONG and MATSON, JJ., concur.