## L. E. ADEAHOLT v. STATE.

No. A-3630.    Opinion Filed June 3, 1921.
(198 Pac. 351.)

(Syllabus.)

**Appeal and Error—Conviction on Conflicting Evidence.**
> Where it appears upon the examination of the whole record that the defendant had the advantage of a fair and orderly trial, the verdict will not be disturbed because the evidence was in some particulars conflicting.

Appeal from Superior Court, Okmulgee County; R. E. Simpson, Judge.

On March 4, 1919, L. E. Adeaholt was convicted of the crime of assault to commit robbery, his punishment was assessed at two years and six months in the state penitentiary, and he appeals. Affirmed.

R. C. Roland, for plaintiff in error.

S. P. Freeling, Att'y. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

BESSEY, J.   The evidence on the part of the state is to the effect that on January 7, 1919, Lon James and W. B. Chadwick were in company with the defendant and Oscar Minton at two certain pool halls in Henryetta the early part of the night; that there was some talk of a poker game among them, and from the conversation the defendant and his codefendant, Minton, learned or believed that Chadwick had $25 on his person; that Chadwick and James left the pool hall to go to their home in the outskirts of town, and just after they had crossed a bridge, at a place where the street was not lighted, the defendant and his codefendant, Minton, approached rapidly from the rear and by means of a searchlight and a revolver pointed at these state's witnesses compelled them to hold up their hands, while Minton searched Chadwick, but found nothing.

The defense was an alibi. Defendant claimed that he retired early that night, and sought to show by two witnesses that he was in his room at a rooming house at the time the offense was alleged to have taken place. The defendant had previously been conducting a restaurant at Dustin, but at this time was out of employment and was in Henryetta on no particular business.

Several witnesses testified to the defendant's good character. On the contrary, it appears that the defendant was a frequenter of pool halls and a poker player. The same appears as to the habits and character of the state's witnesses.

The evidence was conflicting, but from a careful examination of the whole record, it appears that the defendant had the advantage of a fair, orderly trial. The testimony introduced was admissible, and the instructions of the court fairly covered the law of the case.

The only error seriously urged here is that the verdict was contrary to the evidence. The jury in the first instance, are the sole judges of the weight of the testimony and the credibility of the witnesses, and on a motion for a new trial the trial judge was called upon to weigh the testimony. Both the judge and the jury had the advantage of observing the witnesses and their demeanor. There was sufficient substantial evidence, if believed by the jury, to sustain the verdict rendered, and where no prejudice, passion, or other irregularities appears of record, this court would not be justified in disturbing such verdict because the testimony was conflicting.

The judgment of the trial court is therefore affirmed.

DOYLE, P. J., and MATSON, J., concur.