### JOE WISDOM v. STATE.

No. A-8691.   Aug. 10, 1934.
Withdrawn, Corrected, Refiled, and Petition
for Rehearing Denied Sept. 14, 1934.
(36 Pac. [2d] 514.)

Williams, Cowan & Benedum, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Paul Updegraff, Co. Atty., for the State.

DAVENPORT, J. The plaintiff in error, for convenience hereinafter referred to as the defendant, was by information charged and jointly tried with Roy Conley, was convicted of grand larceny, and sentenced to imprisonment in the state penitentiary for one year.

An abstract of the evidence on behalf of the state is, in substance, as follows: On the night of March 3, 1932, the premises of George Stillman was entered and a set of harness taken from the barn. When the harness was missed, Stillman called the officers, and they made an investigation which showed that two men had parked a truck about one hundred yards from the Stillman barn and walked to the barn, took the harness, and circled back to where the truck was parked; one of the collars was dropped where the truck was parked.

The testimony further shows that a field near the barn had been freshly cultivated, and the parties taking the harness had crossed a portion of the field, leaving a fresh clear imprint of their shoes upon the soil. These tracks were measured and the measures preserved by the

deputy sheriff. On Saturday evening Joe Wisdom was arrested in Maud, Okla. At the time the defendant was arrested he refused to talk or discuss the question of the stolen harness. On Monday morning, March 8, 1932, the defendant told the officers he had had the harness about a week; that he purchased them from a trader at Wanette for $30.

After the defendant was arrested, the deputy sheriff measured the bootees worn by him and testified the heel and foot tracks of the bootees were identical in size and shape of the tracks measured in the field.

The defendant testifying in his own behalf stated that on the night of Thursday, March 3, 1932, the night of the alleged larceny, he was at home with his wife, daughter, W. F. Northcross, and a Mrs. McDaniels, and they each knew he was there.

Defendant further stated he bought the harness in question in Wanette, in a trade yard where they have a sales day the first Monday in each month. The defendant called witnesses who testified they saw him buy a set of harness from a man in the sales yard in the town of Wanette on Saturday prior to the regular sales day on the first Monday in March, 1932. He had tried to find the man from whom he bought the harness but had been unable to locate him. Several witnesses testified the defendant was at home the night of the alleged larceny. The defendant's testimony shows that he was not away from home on the night of the alleged larceny, and that he came into possession of the harness by a lawful purchase.

The state's testimony shows the harness was stolen, and when found was in possession of the defendant; that the tracks at the scene of the larceny were the same as the bootees worn by the defendant. The state's testimony as

to the taking of the harness is circumstantial, and is in conflict with the testimony of the defendant.

Several errors have been assigned by the defendant as grounds for reversal. The ninth assignment of the defendant is:

"That the court erred in overruling the motion of plaintiff in error for a new trial, to which the plaintiff in error excepted at the time. Exceptions by the court were allowed."

The motion for a new trial includes the other assignments of the defendant, and for that reason all of the arguments presented by the defendant will be considered under his ninth assignment.

The defendant has ably and at length argued the question of the insufficiency of the evidence to sustain the judgment and set out an abstract of the testimony in order to show that the judgment is not sustained by competent evidence, and has cited in support of his contention Shaw v. State, 13 Okla. Cr. 511, 165 Pac. 617, in which this court said the possession of recently stolen property is not sufficient proof alone to warrant a conviction of the crime of larceny, which is a correct statement of the law, but possession of property stolen at a time not too long after the stealing is a circumstance for the jury to consider and weigh in connection with all the other facts in the case.

Its significance will vary with the other facts in the case, among which to be considered by the jury are the nearness or remoteness of the proven possession of the stolen property and the nature of the property as passing readily from hand to hand, together with such other facts and circumstances as would reasonably influence an opinion of the jurors as to the guilt or innocence of the defendant.

The question of the conflict in the testimony was under proper instructions of the court submitted to the jury, and the jury found against the defendant. This court has repeatedly held that conflicting issues of fact are for the sole determination of the jury. A conviction will not be disturbed on appeal because of a sharp conflict in the evidence, if the evidence adduced reasonably tends to support the verdict and judgment. Cole v. State, 18 Okla. Cr. 430, 195 Pac. 901; Smith v. State, 18 Okla. Cr. 519, 196 Pac. 734; Adeaholt v. State, 19 Okla. Cr. 122, 198 Pac. 351; Campbell v. State, 23 Okla. Cr. 250, 214 Pac. 738; Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277.

In the second paragraph of the syllabus, in Blumhoff v. State, 29 Okla. Cr. 97, 232 Pac. 862, this court said:

"The truthfulness of an explanation of possession of stolen property, although uncontradicted, must be determined by the jury."

In Shields v. State, 32 Okla. Cr. 344, 240 Pac. 661, in the third paragraph of the syllabus, this court said:

"The presumption arising from the possession of recently stolen property is one of fact and not of law, and the weight, value, and probative effect of such evidence is exclusively for the jury."

In Kirk v. State, 32 Okla. Cr. 361, 241 Pac. 205, this court said:

"The jury are the exclusive judges of the credibility of the witnesses and the weight and value of the evidence, and may find a defendant guilty from the inferences arising from circumstantial evidence and disbelieve positive evidence to the contrary. In such case, where from the evidence different inferences may be drawn, this court will not substitute its judgment for that of the jury and reverse the judgment."

Considering the facts and circumstances as shown by the record, we hold that the evidence is sufficient to sustain the judgment.

The next question argued by the defendant is the question of misconduct of the county attorney in his closing argument to the jury, referring to the witness Hubert Hudson, wherein he stated:

"You don't know whether he is a man of good character. You don't know whether he is an habitual drunkard or not. You don't know whether he has been convicted of a crime or not."

The record shows that objections were interposed by the defendant to the argument of the county attorney quoted above, and the court immediately sustained the objections and instructed the jury not to consider the remarks of counsel.

In this case the entire argument of counsel is not shown, only that part relating to the witness Hubert Hudson. From the argument in defendant's brief, the defendant lays great stress on the evidence of Hubert Hudson, who testified that traders met in the sales yard at Wanette the first Monday in each month, and that he saw the defendant purchase a set of harness on Saturday before the first Monday in March, 1932, in the trade yard at Wanette; that he was talking trade for them and defendant came up and bought them. The remarks of the county attorney which were excluded from the jury by the court were probably in reply to the argument that had been presented by the defendant, in urging the positiveness of the testimony of the witness Hubert Hudson.

In Jones v. State, 20 Okla. Cr. 233, 202 Pac. 187, this court said:

"So long as the prosecuting attorney's argument to the jury is supported by the evidence, he may comment upon the conduct of the witnesses upon the stand and state his own conclusions drawn from the evidence."

In Murray v. State, 24 Okla. Cr. 113, 217 Pac. 891, this court said:

"A conviction will not be reversed on the ground of alleged misconduct of counsel for the state, unless, upon consideration of the whole case, this court can say that the prosecuting attorney was not only guilty of misconduct, but that such conduct might have in some degree influenced the verdict of conviction."

In Carmichael v. State, 44 Okla. Cr. 160, 279 Pac. 515, this court held that the right to argument contemplates a liberal freedom of speech and the range of discussion, illustration, and argumentation is wide. Counsel have the right to fully discuss from their standpoint, the evidence, and the inferences and deductions arising from it. It is only when argument is grossly improper and unwarranted upon some point which may have affected the defendant's rights that a reversal can be based on improper argument.

In view of the fact that the court directed the jury to disregard the remarks of the county attorney complained of by the defendant, we hold that the defendant's rights were not prejudiced by the argument of the county attorney.

The record has been carefully considered by this court. There is no error in the record warranting a reversal. The instructions of the court correctly stated the law applicable to the facts. The defendant was accorded a fair and impartial trial.

The judgment of the trial court is affirmed.

CHAPPELL, J., concurs.  EDWARDS, P. J., not participating.