## RAY WILLIAMS v. STATE.

No. A-8639.  Aug. 10, 1934.
(35 Pac. [2d] 282.)

Blanton, Curtis & Blanton, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter referred to as the defendant, was convicted of the crime of manslaughter in the first degree, and sentenced to serve a term of four years in the state penitentiary at McAlester.

The testimony on behalf of the state in substance is as follows:  The defendant and Jack Johnson attended

a dance and supper at the home of C. Shearley, east of Tatum, in Carter county, Okla.; the dance had been going on some time and things to eat were being served; about 3 or 4 o'clock in the morning, the defendant came into the room and walked up to the door leading from the main room to the kitchen, which door was closed; defendant kicked the door and it did not open, and he pulled his pistol and fired, the bullet striking Jack Johnson, from the effects of which Johnson died a few hours thereafter.

It is further shown by the state that the deceased and defendant were related, and were good friends. The testimony of the defendant is that he had taken several drinks the night of the shooting, and he could not tell whether Jack Johnson had been drinking with him, as there was a bunch of them together that took a drink, the defendant stating he took seven or eight drinks before the shooting; that he was not drunk but was feeling good. The defendant further stated that the pistol was in his car and after he got to the dance he put it on his person to keep it from being stolen; that when he went to the door and kicked on it the gun was slipping down and he caught it in his hand and kept walking trying to replace it; that it hung in his clothing and he pulled it out, and about the time he pulled it out it fired; at the time he pulled it out he had his finger on the trigger; when they went in the house Josh Davis went in front of him.

The only dispute in the testimony is as to whether or not the defendant was trying to replace the pistol in his clothing and accidentally discharged it, or that he voluntarily pulled the pistol out of his clothing and fired the same. The testimony on behalf of the state shows conclusively that after he kicked the door he pulled the pistol out of his clothing and pointed it and fired. The defendant denies that he did this, but insists the pistol was ac-

cidentally pulled off when he was trying to arrange it in his clothing:

The defendant has assigned 19 errors alleged to have been committed by the court as grounds for reversal. This court holds that the first assignment covers all the questions raised by the defendant and is the only assignment necessary to be considered, which assignment is:

"That the court erred in overruling and denying the motion for a new trial filed by the plaintiff in error herein, over the objection and exceptions of the plaintiff in error."

The defendant in his brief has discussed his assignments of error under one head, and urges that the verdict is not sustained by sufficient evidence, and the misdirections of the court in matters of law on the trial of the case, and failure of the court to properly instruct the jury. It is not necessary in this opinion to quote the statute as to the definition of manslaughter in the first or second degree. The facts in this case show that when the defendant came into the room with the pistol on his person and kicked on the door, he then drew his pistol and voluntarily fired it; the voluntary discharge of that pistol being the direct and proximate cause of the death of the deceased, Jack Johnson. The intentional discharge of the pistol in this public place was a misdemeanor.

It cannot be disputed that if the state's testimony is correct when the defendant discharged the pistol he was committing a misdemeanor, and the discharge of the pistol by the defendant was the direct and proximate cause of the death of Jack Johnson. On the other hand, it is conceded that if the theory of the defendant's defense is correct, the discharge of the pistol was an accident. The question of the conflict in the testimony was under proper instructions of the court submitted to the jury, and the

jury found against the defendant. This court has repeatedly held that conflicting issues of fact are for the sole determination of the jury. The conviction will not be disturbed on appeal because of sharp conflict in the evidence, if the evidence adduced reasonably tends to support the verdict and judgment. Cole v. State, 18 Okla. Cr. 430, 195 Pac. 901; Smith v. State, 18 Okla. Cr. 519, 196 Pac. 734; Adeaholt v. State, 19 Okla. Cr. 122, 198 Pac. 351; Campbell v. State, 23 Okla. Cr. 250, 214 Pac. 738; Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277.

The defendant insists that the court erred in refusing to instruct the jury on manslaughter in the second degree, contending that the pistol was discharged while he was trying to adjust it and he had his finger on the trigger and it was discharged accidentally. This contention, we think, is absolutely refuted by the testimony which shows that at the time the shot was fired the deceased was about three feet from the defendant; that the bullet struck the deceased in the right side, showing that the gun had been raised at the time it was discharged. If, as contended by the defendant, the gun was pulled off while trying to adjust it in his clothes, it would not have been as high as the waist of the deceased.

Where the testimony of the defendant upon any point is so completely refuted by physical facts as to render it utterly unreasonable, the court is not required to instruct in conformity to the defendant's theory so contradicted by physical facts. The requested instruction of the defendant on the question of second degree manslaughter was properly refused. Clark v. State, 12 Okla. Cr. 415, 157 Pac. 1188; Coffey v. State, 38 Okla. Cr. 91, 258 Pac. 923.

In Williams v. State, 12 Okla. Cr. 39, 151 Pac. 900, this court said:

"In a prosecution for murder where the evidence for the state tends to support the judgment and there is no evidence tending to support the lower degree of the crime, but the evidence of the defendant tends to prove excusable homicide on the ground of accident without negligence or fault on his part, it is not necessary for the court to instruct the jury upon the law of manslaughter in either degree."

In Newby v. State, 17 Okla. Cr. 291, 188 Pac. 124, in the second paragraph of the syllabus, this court said:

"The trial court is not required, however, to delve into the realms of conjecture or speculation in order to instruct upon some chimerical theory of the law of the case not reasonably supported by the evidence."

Under the provisions of section 2595, O. S. 1931, it is a misdemeanor for any person to willfully discharge any species of firearms, air-gun, or other weapon or throw any missile in any public place, or any place where there is any person to be endangered thereby, although no injury to any person shall ensue.

In Blalock v. State, 40 Tex. Cr. R. 154, 49 S. W. 100, the Texas court held:

"Where a husband believes that his wife was trying to kill herself with a gun he is not negligent in trying to take it from her; although the muzzle is pointed toward her at the time, and therefore, if she is killed in the scuffle he is not entitled to instruction on negligent homicide."

The record has been carefully studied. The instructions of the court, considered in their entirety, correctly and fairly stated the law applicable to the facts. The defendant was accorded a fair and impartial trial. There are no errors in the record warranting a reversal.

The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.