## J. L. ALLENDER v. STATE.

No. A.-8711.   Aug. 17, 1934.
(35 Pac. [2d] 281.)

Hughes & Dickson, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, for convenience hereinafter referred to as the defendant, was convicted of having possession of intoxicating liquor with intent to barter, sell, give away, or otherwise dispose of the same, and was sentenced to pay a fine of $150 and be confined in the county jail for 60 days.

An abstract of the testimony shows that the sheriff of Texas county went to the home of the defendant with a search warrant and searched the premises and found 45 gallons of wine, and some 40 pints of beer.  The testimony further shows that when the wine was analyzed it showed to contain 14.63 per cent. alcohol; that the alcoholic contents of the beer and wine ranged from 5.04 to 14.63 per cent.  The defendant did not testify.

Ten errors are assigned by the defendant as grounds for reversal.  The main argument presented by the defendant is that the state failed to prove by any competent

testimony that the defendant possessed the wine and beer with intent to sell, barter, give away, or otherwise dispose of the same. In presenting his argument the defendant admits that the sheriff searched the Allender farm and found the wine and beer as charged in the information, and that it contained more than one-half of 1 per cent. alcohol measured by volume. After making this admission the defendant insists that mere possession of the wine and beer containing alcohol, alone, is not sufficient upon which to base a conviction, and cites many decisions of this court to sustain his position.

Possession alone is not sufficient to warrant the jury in returning a verdict of guilty against a defendant found in possession of intoxicating liquor. In this case, however, C. A. Sullivan, the sheriff of Texas county, a witness for the state, testified complaints had been made to him regarding what was going on at the defendant's place, and he had driven by there at different times of the day and night, and had seen cars there; some of the parties he had seen there were parties who were in the habit of drinking intoxicating liquor; that he had seen several cars there at a time.

The witness further stated:

"I have seen several cars there, and the road looked like a public highway in and out. I have seen several cars there that belonged to fellows that bootlegged."

The instructions of the court correctly advised the jury as to the law applicable to the facts, and especially advised that it must be convinced beyond a reasonable doubt that the intoxicating liquors found at defendant's home were possessed by him for the purpose of bartering, selling, giving away, or otherwise furnishing the same to others before it would be warranted in finding the defendant guilty. The jury after having received

154

the instructions of the court found the defendant guilty. This court has repeatedly held that a conviction will not be disturbed on appeal when the evidence adduced reasonably tends to support the verdict and judgment. Cole v. State, 18 Okla. Cr. 430, 195 Pac. 901; Adeaholt v. State, 19 Okla. Cr. 122, 198 Pac. 351; Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277; Wisdom v. State, 56 Okla. Cr. 140, 36 Pac. (2d) 514.

The defendant was accorded a fair and impartial trial. The evidence is sufficient to sustain the judgment.

The case is affirmed.

CHAPPELL, J., concurs. EDWARDS, P. J., not participating.