RUSSELL LONG v. STATE.

No. A-8554.   Oct. 19, 1934.
Rehearing Denied Jan. 2, 1935.
(44 Pac. [2d] 896.)

334

[redacted]

Blanton, Curtis & Blanton, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter referred to as defendant, was convicted in the district court of Garvin county of the crime of manslaughter in the first degree in the killing of Joe Pack, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of four years.

It is not necessary to go into specific details as to what each of the witnesses who was present at the time of the shooting testified to. There is a direct conflict in the evidence. According to the state's witnesses, defendant shot Joe Pack when he was several yards away from him and without any apparent necessity to use the amount of force he used at that time.

On the other hand, the testimony of defendant and his witnesses, if believed, would have authorized the jury to acquit defendant on the ground of self-defense and defense of his father.

It appears from the record that the homicide was the result of a dispute between defendant and his father and brother and Pack and certain of his family over the gather-

ing of pecans on an Indian allotment, and considerable evidence was introduced by both the state and defendant concerning the rights of the parties. It does not appear from this evidence that defendant and those with him were protecting any property that belonged to them from any felony that was being committed against such property by deceased. The right of the parties was in dispute in the trial, but it does not enter into the relative merits of the killing. The testimony of defendant himself places his defense upon his right to defend himself and his father against an unlawful attack being made upon them by deceased. Defendant and those with him went upon the premises in dispute armed, evidently for the purpose of gathering the pecans and preventing deceased from obtaining any of them, and in the fight that followed defendant killed deceased.

If there was involved in this appeal the question of the relative rights of the Packs and the Longs to be upon this particular allotment at the time the killing occurred, the legal questions might become involved and instructions required covering this point, but in view of the fact that the testimony of defendant is to the effect that he shot deceased solely in defense of himself and his father, it was not necessary for the court to instruct upon the relative right of possession of the parties, although it may be said in passing that the instructions of the court were sufficient to cover that issue.

There is no principle of criminal practice better established in this state than that the instructions must be considered as a whole, and when so considered, if they fairly cover the law of the case as applicable to the evidence, they are sufficient, and failure to give requested instructions under such circumstances would not be reversible error. Manning v. State, 7 Okla. Cr. 368, 123

Pac. 1029; Ryan v. State, 8 Okla. Cr. 624, 129 Pac. 685; Smith v. State, 18 Okla. Cr. 519, 196 Pac. 734; Hawkins v. State, 24 Okla. Cr. 82, 216 Pac. 166; Hamilton v. State, 38 Okla. Cr. 62, 259 Pac. 168.

Under these authorities the requested instructions of defendant were properly denied.

The court on its own motion gave 19 instructions. When considered together, in connection with the facts and circumstances of the case, they fairly state the law and are as favorable to the defendant as the law and the evidence require.

It is next contended the court erred in not granting a new trial because of the alleged disqualification of one A. F. Boren, who sat as a juror in the trial of the case.

It appears from the record that the question was raised in the motion for new trial, and that a lengthy stipulation was entered into between the state and the defendant as to what had occurred which would justify the courts in declaring a mistrial. It appears from the last clause in this stipulation that:

"In such conference between counsel for the state and the defendant, in the presence of the court, the court asked Mr. J. T. Blanton, counsel for defendant, whether he desired to ask for a mistrial, and he said 'We do not ask for a mistrial.'"

Counsel having specifically waived the question of a mistrial on account of the alleged disqualification of the juror during the trial, he cannot take a position in this court inconsistent with the position he took in the trial court.

No reversible error appearing, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.