# FLOYD MAPLES v. STATE.

No. A-8965.   June 4, 1936.
(58 Pac. [2d] 963.)

Tom Wallace, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J.   Upon an information filed in the district court of Tulsa county, appellant Floyd Maples and Bill Lowery were jointly charged with the crime of second-degree burglary.   A severance was granted, and the state elected to try appellant, Maples, first.   Upon the trial the jury returned their verdict finding him guilty as charged in the information and fixed his punishment at imprison-

ment in the state penitentiary for a term of two years. A new trial having been denied, he appeals from the judgment rendered on the verdict.

The specific charge in the information was that on the 15th day of November, 1934, the defendants broke and entered a certain garage in Tulsa county, owned by J. M. Cravins, with the felonious and burglarious intent to steal by taking without the consent of the owner certain personal property, of value, in said garage.

Several errors assigned challenge the sufficiency of the evidence to support the verdict.

The evidence is substantially as follows: J. M. Cravins testified he lived at Bruner Station on the Sand Springs line, and was the owner of a Ford car; that on the evening of November 15th he placed said car in his garage and locked the door with a padlock; the next morning he found the door of the garage open; the lock and hasp had been broken off; all four wheels of his car were missing, and it appeared that an attempt had been made to break the lock on the spare tire; that he immediately notified the officers of the county and city; a day or two later he was called by the officers and identified his wheels and tires by means of serial numbers which he had written down and submitted the same to the officers; that he knew this defendant and he lived in the same neighborhood.

Glen Larkin, deputy sheriff, testified that with George Terrill and Lynn Moss, police officers, he went to the 1100 block on East Admiral, and parked there about 7 o'clock the evening of November 16, 1934; was called there by a man named Williams; that a few minutes after parking their car, Floyd Maples and Bill Lowery drove into the alley and took out of their car some tires and four car wheels; the defendant Maples got back in

the car and drove on through the alley; the officers drove around the block, headed him off, arrested him, took him in their car, then drove back to where the wheels and tires were unloaded and there arrested Bill Lowery; they then took the wheels and tires and placed them in a service station across the street from the courthouse and notified J. M. Cravins.

Lynn Moss testified he was a police officer and went with Glen Larkin and George Terrill that evening to the 1100 block East Admiral. His further testimony is the same as that of the witness Larkin as to what happened there.

The state rested. Counsel for the defendant interposed a demurrer to the evidence on the ground the same is not sufficient to warrant a conviction, which was overruled; exception.

At a witness in his own behalf, Floyd Maples testified that his age was 23 years, single; lives with his parents at Bruner Station; that he had never been convicted of a felony; that he had heard the testimony of Mr. Cravins, Mr. Larkin, and Mr. Moss, but didn't know anything about the wheels or tires; that he did not steal them; that he was at the Williams place that night for the purpose of buying whisky from Mr. Williams; that Bill Lowery was with him, but they did not unload any tires; that the night before he had a date with Lois Reed and stayed at her home from 7 o'clock in the evening until 4 o'clock the following morning; that he did not burglarize Mr. Cravins' garage and did not steal his car wheels and tires; that he owned the car he was driving when the officers arrested him.

Mrs. Lois Reed Salmon testified that she lived at Vern Station on the Sand Springs road, and had been

keeping company with Floyd Maples; that on the night of the 15th of November he came to her home between 7 and 8 o'clock and left between 4 and 5 the next morning; that she was not related to him in any way; that it was the first time he ever stayed all night.

Bill Lowery, codefendant, testified that he lives at Medio Station; that it was dark and cloudy that night when they went out to Williams' place to get some whisky, but did not get it; that they drove into the alley from the west about 100 feet.

On cross-examination he stated that on July 2, 1928, he was convicted in the district court of Tulsa county on a plea of guilty to a charge of burglary and was sentenced to serve a term of seven years, and was later paroled.

Two witnesses qualified as character witnesses and testified that so far as they knew this defendant's reputation as a law-abiding citizen was good.

It is insisted that the evidence is insufficient to connect this defendant with the burglary or the theft of the property from the garage in question.

We think this contention is without substantial merit.

In the recent case of Hart v. State, 57 Okla. Cr. 372, 48 Pac. (2d) 337, 338, it is said:

"It has been held by this court, following the rule recognized by the courts generally, that mere possession of property recently stolen is not sufficient to convict the possessor of a larceny of it. Shaw v. State, 14 Okla. Cr. 511, 165 Pac. 617; Graham v. State, 12 Okla. Cr. 84, 152 Pac. 136. When, however, this fact is supplemented by other facts inconsistent with the idea that the possession is

honest, it then becomes a question of fact for the jury to determine.

"Where the charge is burglary, if property taken from the owner is soon thereafter found in possession of the person charged with the burglarious entry, proof of this fact, together with circumstances showing guilty conduct, is presumptive evidence, not only of the larceny, but also that he made use of the means by which the property was taken from the owner.

"Burglary is one degree removed from larceny; but when the facts in evidence warrant the finding of the larceny, and the surrounding circumstances are such as to show that the larceny could not have been committed without the burglarious entry, the evidence is sufficient to warrant the finding of the burglary also."

It rarely happens that perpetrators of an offense, committed in the manner here proven, can be shown by witnesses who saw and recognized the defendants in the act, and resort must therefore ordinarily be had to circumstantial evidence.

The jury evidently did not believe the testimony of the defendant and his codefendant nor the witness called to support his alibi defense.

The credibility of the witnesses was for the jury. The province of this court is to determine whether or not there was a reasonable basis in the evidence for the jury to determine, as reasonable men, that the defendant was guilty of the offense charged. We think there was. The case appears to have been fairly tried.

The judgment of the trial court is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.