## THE STATE v. GATES, *Appellant*.

### Division Two, November 19, 1895.

130    351
j168   4220

1. **Criminal Law: LARCENY: EVIDENCE.** Where on a trial for larceny, there was evidence that defendant, when arrested, had admitted the ownership of the property as charged in the indictment, the admission of the testimony of the alleged owner that defendant had asked him soon after his arrest what the goods were worth and said that he was willing to pay three prices for them was harmless.

2. ——: ——: ——: **OPINION OF WITNESS.** The opinion of a witness as to whether defendant would have had time to steal and conceal property within a given time is inadmissible, the jury being competent to form their own opinion of such matter from the facts.

3. ——: ——: ——: **REPUTATION.** On a trial for larceny, the general reputation of the defendant can not be shown by proof of the result of inquiries preceding his admission to the lodge of a secret society.

4. ———: PRACTICE: CONVICTION OF LOWER OFFENSE. A defendant will not be heard to complain that he was not convicted of a higher offense than that for which he was indicted.

5. ———: ———: INSTRUCTIONS. It is not error to refuse instructions the principles of which are included in others given.

6. ———: ———: MOTION IN ARREST. A motion in arrest may be filed any time "within four days after the motion for new trial shall have been determined." R. S. 1889, section 4273.

7. ———: ———: ———. The correctness of the action of the trial court in refusing to permit a motion in arrest to be filed will not be inquired into on appeal where the motion is not contained in the record.

*Appeal from Saline Criminal Court.*—HON. JOHN E. RYLAND, Judge.

AFFIRMED.

*Charles T. Noland* and *John Rich* for appellant.

*R. F. Walker,* attorney general, for the state.

(1) The record recites that the motion in arrest of judgment was not offered until more than four days after judgment, and, this being true, the court very properly refused to entertain it. R. S. 1889, sec. 4273. (2) The testimony of Burns that defendant said, soon after he was arrested, that "he wanted to pay three prices for the pants; he wanted to know what they were worth and he was willing to pay three prices for them" was admissible for the purpose of showing that defendant admitted the ownership to be in Miller & Burns. The state objected to a question asked witness Maupin, whether or not it would have been possible for Gates to have given or gotten a pair of pants and put them in the room from the time he and Gates left it until he, Maupin, returned; this was a question for the jury to determine from all the facts and circumstances; that is, whether the defendant had stolen the pants and put

them in his room. The court very properly sustained the objection to this question for another reason, that was that it asked simply for the conclusion of the witness, which was of course improper. The state again objected as to whether or not there was any investigation at the Knights of Pythias lodge on the twenty-fourth of October, as to the reputation of the defendant. This was entirely immaterial, and was properly excluded. (3) Only such instructions as referred to the crime of which defendant was convicted, that of petit larceny, should be subject to review here. It is immaterial, so far as this appeal is concerned, whether the instructions defining and relating to the major offense, that of larceny from a dwelling were correct or not; whether correct or incorrect, the defendant could not have been prejudiced thereby, for the jury have found him not guilty of that offense. *State v. Nocton*, 121 Mo. 551. (4) The instructions given for the state properly declared the law and those refused for defendant were either erroneous or included in those given. Defendant also complains that the verdict is not supported by the testimony. This allegation is without merit, for the testimony overwhelmingly establishes the guilt of the defendant. It has been repeatedly held that this court will not interfere, unless it affirmatively appears that there is a total failure of proof. *State v. Fisher*, 124 Mo. 460; *State v. Schaeffer*, 116 Mo. 96. Where an inference of guilt may be reasonably drawn from the testimony, a verdict will not be set aside upon appeal because of the insufficiency of the evidence. *State v. Sanford*, 124 Mo. 484; *State v. Banks*, 118 Mo 107. Nor will a verdict be set aside upon appeal, upon the ground that it is against the weight of the evidence, unless there be a total failure

of proof to support it.   *State v. Alfray*, 124 Mo. 393; *State v. Richardson*, 117 Mo. 585; *State v. Moxley*, 115 Mo. 644.

SHERWOOD, J.—Indicted under the provisions of section 3537, Revised Statutes, 1889, for the larceny of a pair of pants in a dwelling house, the trial of defendant resulted in a verdict of guilty of petit larceny, his punishment being assessed at thirty days in jail and a fine of $50; from judgment on this verdict he appeals.

It is shown by the testimony that J. J. Miller and E. G. Burns, as a partnership, were engaged as dealers in clothing and furnishing goods in the city of Slater, in Saline county, Missouri, during the month of October, 1892, and on the nineteenth day of October, Charles Gates made an effort to buy a certain pair of pants from clerk Blakemore, who was in the employ of Miller & Burns; that he was making an effort to trade Blakemore a bond issued by one of the recent bond investment companies in this state; that he tried the pants on, which were found to be a little too long, but it was agreed that they could be shortened; they were folded up and laid back upon the safe and soon thereafter missed; that about ten days thereafter defendant was seen wearing them on the streets of Slater. When he was arrested he offered to pay Miller & Burns for the pants, but told the constable that he had ordered them from a drummer in the depot and that they had been shipped to him by express. It was also shown that he took the pants to a tailor for the purpose of having them shortened. Mayor Harvey testified that on the day of the arrest the defendant told him that he was satisfied the pants belonged to Miller & Burns.

The defendant testified in his own behalf, admitted negotiating for the pants at Miller & Burns' with Blakemore. In accounting for the possession of the

pants, he contended that he had written a life insurance policy for a drummer at Moberly, whose name and address he could not recollect, nor did he keep a memorandum of the name, in part payment of which the drummer was to send him a pair of pants; that no description of the pants was mentioned nor sample taken, nor receipt given for the price paid; that on the twenty-fourth day of October he met one Maupin, who was associated with him in the bond investment and life insurance business, on the streets of Slater, and that Maupin told him that his express had come; that he went to his room and there found two packages, one containing a pair of pants and one some underwear, the latter having been sent by his wife from Moberly; that it was then his opinion that the former package was the pants sent him by the drummer; that he put the pants on and wore them as his own. He admits in his testimony that he offered to pay Miller & Burns for the pants, for, as he says, the sole reason that the scandal would ruin his business; he admitted having told the mayor that he was satisfied that the pants belonged to Miller & Burns, and explained this statement by saying that, not knowing positively where they had come from, and after being assured by Miller & Burns that they belonged to them, he concluded that they were their property. Defendant refused to go to the depot where the express office was, in order to see where the pants had been billed from, and who had billed them, declining to do so on the ground that the parties might get hold of the name of his wife, and wire her he was under arrest, etc., etc. Defendant established by a number of witnesses who reside at Moberly, his home, an excellent reputation for truth and veracity.

There has been no brief or assignment of errors filed herein, and this has compelled the reading of the

record in order to ferret out any error which occurring in the lower court may have proved prejudicial to the rights of defendant. R. S. 1889, sec. 4297. Of the policy of such a provision which makes the members of this court both counsel for, and judges of, the prisoner in the same cause, it is needless to speak. Of its wisdom, that consideration exclusively belongs to the legislature of this state.

The indictment is in usual form and no objection to it is perceived, either in form or substance.

Relative to the testimony, it will have been seen that it makes out a very strong case against defendant, one which well maintains his conviction.

The motion for a new trial is fashioned after the stereotyped formula. Objection was taken to admitting the testimony of Burns, one of the proprietors of the store, in reference to the pants, and what defendant said soon after his arrest concerning them, to wit, that "he wanted to pay three prices for them; he wanted to know what they were worth, and said he was willing to pay three prices for the pants." In the circumstances mentioned, it would seem that such testimony was admissible as a *quasi* admission of ownership in Miller & Burns, and of the indirect expression of a desire to have the prosecution stopped by the payment of a sum greatly in excess of the article taken. If this was not the purport of the offer, it is difficult to conceive of the object in making it. But, at any rate, inasmuch as defendant had admitted to Mayor Harvey that the pants belonged to Miller & Burns, it is not easy to see how the admission of the testimony in question could prove harmful error, if error it was.

The state properly objected and the court properly sustained the objection to defendant's testifying to a conversation had between himself and one A. Stern, wherein the latter said to defendant "he wanted to talk

to" (him) "as a Mason." Who Stern was, and what relevancy the alleged conversation had to any issue raised by the prosecution, or how the conversation was anything but rankest hearsay does not appear, and, not appearing, the presumption of correct action on the part of the trial court must prevail.

Equally irrelevant and inadmissible was testimony as to whether defendant had any special reason for selling a bond to Blakemore. Defendant's reasons for this would not have affected the result one way or the other.

And the opinion of witness Maupin was rightfully rejected as to whether it would have been possible for defendant to have gotten a pair of pants and put them in the room from the time he and Maupin left until Maupin returned, for this would have been but the conclusion or guess of the witness, something about which the jury was competent to form an opinion from the facts, and therefore needed no assistance from witnesses to aid in reaching a correct result.

And there was no relevancy whatever in testimony tending to show that the Knights of Pythias lodge, on the twenty-fourth of October, had investigated the reputation of defendant, or that a like investigation had occurred upon defendant's being initiated into the lodge. None of those investigations could have had the shadow of a tendency toward determining what the general reputation of defendant was.

It is unnecessary to examine into the instructions relative to stealing in a dwelling house, since an instruction was given as to petit larceny and defendant was found guilty of that offense. Under our statutory provisions a defendant can not complain because he was not convicted of a higher offense than that for which he was indicted. R. S. 1889, secs. 4227, 4115, 4104,

3950, 3949; *State v. Keeland*, 90 Mo. 337; *State v. Robb*, 90 Mo. 30; *State v. Berning*, 91 Mo. 82.

The other instructions, those which were given on behalf of the state, were sufficiently full as to recent possession of stolen property, good character, etc., etc., and did not require that anything further should be said. The instructions asked by and refused defendant were either covered by those previously given, or else were erroneous, and therefore properly refused.

The verdict was returned September 20, and on the same day the motion for a new trial was filed, which was not disposed of until the third of October, and when that occurred defendant asked leave to file his motion in arrest, which was refused. If this refusal occurred on the ground now suggested by the state, that the motion was offered to be filed out of time, then it was error, because, under section 4273, Revised Statutes, 1889, a party has a right to file his motion in arrest "within four days after the motion for a new trial should have been determined." But, as the motion in arrest is not preserved, it is impossible to tell what were its contents, and, therefore, the correctness of refusing it permission to be filed can not be investigated.

Inasmuch as no error is found in the record, judgment affirmed. All concur.