ELLA LOUDENBACK v. TERRITORY OF OKLAHOMA.

(Filed September 5, 1907.)

(91 Pac. 1030.)

1. HOMICIDE—Indictment—Error Not Reversible, When. Where one is indicted for murder, but the indictment, although sufficient to charge manslaughter in the second degree, is not a good indictment for either murder or manslaughter in the first degree, and the defendant is put on trial for murder, and the jury return a verdict of manslaughter in the second degree, the defendant cannot complain that he was tried upon the theory that the indictment was a good indictment for murder, unless it appears from the record that the defendant may have been prejudiced thereby; and prejudice will not be presumed from the fact alone that the prosecution and the court proceeded upon the theory that the indictment was a good indictment for murder.

2. CRIMINAL LAW—Appeal—Instructions—Harmless Error. Where one is on trial for a crime which is divided into degrees, and the court commits error in instructing the jury upon the law

appllicable to the higher degree of such crime, but properly in-
structs the jury as to the lower degree, and the jury returns a
verdict of guilty of the lower degree, the defendant cannot com-
plain. One can only complain of errors which may have affected
his rights.

3. SAME—Evidence—Conversations of Defendant. A prosecution
may, on a trial, show by the testimony of other witnesses a con-
versation between a defendant and another party; and it may
prove the statements made by both the defendant (which are
in the nature of admissions against his interests) and by the
other party to the defendant. But it is for the jury to say, from
all of the conversation, as to whether or not the statements made
by the defendant are admissions against his interests

4. SAME—Sufficiency of Evidence. A verdict will not be set aside
for lack of evidence where the evidence reasonably supports it.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Jno. H.
Burford, Trial Judge.*

Affirmed.

*Lowry & Lowry* and *Lawrence & Huston*, for plaintiff in error.

*W. O. Cromwell, Attorney General, Don C. Smith* and *J. H.
Cline, Assistants*, for defendant in error.

Opinion of the court by

BURWELL, J.: The defendant, Ella Loudenback, was indicted
and tried for murder, and convicted of manslaughter in the second
degree.

It is first insisted that the indictment fails to charge the
crime of murder. The offense is charged in two counts, and it
is clear that the second count of the indictment is insufficient to
charge murder, and it is doubtful if the first would stand the test,
when measured by the law applicable thereto. Neither of the
counts charges manslaughter in the first degree. The language
used purports to charge murder, and the theory of the prosecution
is that manslaughter in both degrees is included in a charge of
murder; and this is true as a general rule. But an indictment for
murder includes the charges of manslaughter only when such in-
dictment is a sufficient indictment for murder, unless the language

used in the indictment is sufficient to charge manslaughter, independent of the charge of murder. The indictment in question sufficiently charges manslaughter in the second degree, and the rule is, if the language used in the indictment charges one of the degrees of manslaughter in such form and manner as to meet the requirement of the statute, it will be sufficient as to that degree of homicide; and the mere fact that the indictment purports to charge murder is immaterial.

But it is insisted that the defendant was tried for murder, when the indictment did not charge that offense. That fact cannot avail, as she was not prejudiced thereby, and, conceding for the sake of argument that the instructions of the court regarding murder were erroneous, the defendant was not convicted of murder. The jury rejected every theory of murder and of manslaughter in the first degree, and no complaint is made against those instructions which relate to manslaughter in the second degree. So far as the defendant is concerned, the effect is the same as though the indictment had been sufficient to charge murder. If the defendant can be said to have been prejudiced, it can only be claimed upon the theory that the defendant was tried for a higher degree of homicide than that of which she was found guilty. No one would claim that that fact alone prejudiced her. If so, then it would prejudice a defendant to charge him with murder, if the evidence on the trial only established manslaughter. Such is not the law. The rule is that where one is on trial for a crime which is divided into degrees, and a court commits error in instructing the jury upon the law applicable to the higher degree of such crime, but properly instructs the jury as to the lower degree, and the jury returns a verdict of guilty of the lower degree, the defendant cannot complain. One can only complain of error which may have affected his rights. The following cases support the law as stated: *State v. Grote* (Mo.) 19 S. W. 93; *State v. Keeland,* (Mo.) 2 S. W. 442; *People v. Nichols,* 34 Cal. 211; *Gant v. State* (Ga.) 41 S. E. 698; *State v. Costello* (Ia.) 17 N. W. 605; *State v. Rishardson* (S. C.) 24 S. E. 1028; *Jackson v. State* (Wis.)

64 N. W. 838. In 12 Cyc. page 931, it is said that error in instructions as to a higher degree of crime is harmless, where the defendant is convicted of the lower degree. To the same effect are the following cases: *Colvin v. Commonwealth* (Ky.) 60 S. W. 701; *Stephenson v. State* (Tex.) 24 S. W. 645; *Blackwell v. State* (Tex.) 26 S. W. 397; *Rutledge v. State* (Tex.) 33 S. W. 347; *McCarty v. State* (Tex.) 58 S. W. 77; *State v. Stockwell* (Mo.) 16 S. W. 888; *State v. Gates* (Mo.) 32 S. W. 971; *People v. Boling* (Cal.) 23 Pac. 421.

It is next insisted that the trial court erred in admitting in evidence testimony regarding a conversation between the defendant and her daughter after the homicide. The testimony was that the witness heard the defendant say that she shot the deceased, and the defendant's daughter asked her mother why she killed the deceased, to which the defendant replied that she had to, and the daughter then said to her mother, "No, Mamma, you didn't have to." The record fails to show that the defendant made any reply to this statement. The jury were entitled to have the whole conversation, and then determine from the whole of it as to whether or not any portions of it were admissions on the part of the defendant against her interest. The counsel for the defendant could have shown any reply which the defendant may have made to the statement of her daughter, but they did not see fit to enquire further as to the conversation. It was properly admitted.

The evidence supports the verdict and the judgment is hereby affirmed.

Burford, C. J., who presided in the court below, not sitting; Irwin and Garber, JJ., absent; all the other Justices concurring.