## T. A. JACKSON v. STATE.

No. A-4578. Opinion Filed Dec. 22, 1924.
Rehearing Denied March 26, 1925.
(234 Pac. 228.)

(Syllabus.)

1. **Assault and Battery—Assault with Intent to Do Bodily Harm—Evidence Sufficient.** In a prosecution for assault with intent to do bodily harm, by shooting another with a rifle, record reviewed and held that the defendant had a fair trial, and was properly convicted.

2. **Evidence—Any Statement of Accused, Relative to Offense, Admissible.** Any statement of the defendant, relative to the offense for which he is being tried, is admissible.

Appeal from District Court, Jefferson County; Cham Jones, Judge.

T. A. Jackson was convicted of shooting another with intent to do bodily harm, and he appeals. Affirmed.

Bridges & Vertrees and E. B. Anderson, for plaintiff in error.

George F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, T. A. Jackson, was convicted on a charge of shooting one Henry Kennedy, with intent to do bodily harm, and his punishment fixed

at imprisonment in the penitentiary for the term of one year and one day. He has appealed from the judgment rendered upon such conviction. The errors assigned are based on the rulings of the court in the admission of alleged irrelevant, incompetent and immaterial evidence, and in refusing to give certain requested instructions, and question the sufficiency of the evidence to support the verdict.

It appears that the defendant, Jackson, and Henry Kennedy were near neighbors, in the town of Ryan; Clifford Jackson, son of the defendant and his wife roomed at the house of Kennedy; this son had two colts which he had kept for three or four days in Kennedy's back lot; Kennedy and this son had had some trouble, the nature of which does not apear, and Kennedy turned the colts out of his back lot; the next morning the defendant came across the street and entered Kennedy's dooryard, carrying a 22-caliber target rifle; Kennedy came out of his house through a back door and picked up a stick an inch thick and two and one-half feet long, and walked around the house towards the defendant; tne aefendant asked Kennedy if he had turned out the colts; Kennedy answered that he had, the defendant demanded that they be put back; Kennedy answered that he would not; the defendant ordered Kennedy to go back into the house; Kennedy's wife stepped between them; defendant waived her aside, and as she stepped aside he shot Kennedy, the bullet lodged in the scrotum.

Henry Kennedy testified that the defendant came across the street from his place carrying a 22-caliber rifle, and walked up to the front porch and asked him if he turned the colts out; he told him he did; the defendant asked him to put them back, and he told him to he would not; the defendant told him to get back into the house; then his wife ran between them, and asked the

defendant not to shoot; the defendant told her to step back and, when she **did, shot him;** that they were 20 feet apart when the shot was fired. Mrs. Kennedy testified that she saw the defendant come into the yard carrying a rifle; that she went out and asked the defendant to put up the gun, and he said, "Step back; don't come a step further," and then shot her husband. Reuben Starks testified that he saw Kennedy and Jackson standing by Kennedy's house, and Mrs. Kennedy came out and said something to Jackson, then Jackson raised his gun, and he hollered at him not to shoot; Jackson motioned to Mrs. Kennedy to stand back, and when she did he fired; that Kennedy ran up and grabbed the gun and he separated them; that they were about 20 feet apart when the shot was fired. Ola Starks testified that she saw Jackson standing near the front porch and Kennedy was standing near the kitchen window; that Mrs. Kennedy stepped in between Jackson and Kennedy; that as she stepped out of the way Jackson shot Kennedy. Mrs. Dotty West testified that she saw Jackson and Kennedy facing each other, 15 or 20 feet apart; that Mrs. Kennedy was begging Jackson not to shoot; Jackson motioned to her with the gun to get back, and as she did so he shot Kennedy.

The foregoing is the substance of the material testimony upon which the conviction is based.

For the defense, Lena Jackson, wife of the defendant, testified that she did not see the shooting, but saw Kennedy a few minutes before the shot was fired, coming towards her husband with a club. Fred Jackson, son of the defendant, testified that his age was 14 years, that he was standing 10 feet away when the shot was fired, and Kennedy was 2 or 3 feet from his father when he shot him. The defendant did not testify.

Some exceptions were taken during the course of

the trial to the admission of evidence. The defendant objected to the state proving by the county court reporter certain statements made by the defendant at the preliminary hearing. Upon the admission of this testimony, error is assigned. It is a well-settled rule that any statements of the defendant relevant to the offense for which he is being tried is admissible. We have examined the other exceptions, and we are satisfied that none of them were well taken.

It is established practice under our statute (section 2822, Comp. Stat. 1921) that a new trial shall not be awarded for an error not prejudicial to the defendant, and technical errors or defects which do not affect the substantal rights of the defendant are to be disregarded.

Taken a a whole, the instructions of the court to the jury were more favorable to the defendant than he had any right to expect. There is no question as to the defendant's guilt, and the verdict was as favorable to him as the law and testimony warranted.

The judgment of the lower court is accordingly affirmed.

MATSON, P. J., and BESSEY, J., concur.