## HENRY MAYSE v. STATE.

No. A-5859. Opinion Filed May 28, 1927.
Rehearing Denied Sept. 24, 1927.
(259 Pac. 277.)

John W. Tillman, Fred A. Tillman, and Welcome D. Pierson, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county on a charge of manslaughter in the second degree, and was sentenced to the state penitentiary for a term of three years.

About 8 o'clock in the evening on the date charged

in the information, Arnold Peck, with his mother, Mrs. Josie Peck, was driving a Ford coupe south on Hudson street, Oklahoma City. As he came to the intersection of Fourth street and Hudson, a large car with four persons in it drove along Fourth street, going east, at a speed estimated from 25 to 35 miles per hour, and ran the stop line, and had a collision with the coupe driven by Peck. This collision tore a front wheel from the coupe, turned it over, and as a result Mrs. Josie Peck received injuries which resulted in her death the following day.

It is first contended that the information is insufficient; it being argued that the state sought to charge manslaugher by one engaged in the commission of a misdemeanor, such misdemeanor being the violation of section 2, c. 16, Session Laws 1923, defining an offense for any person to drive an automobile at a speed greater than fifteen miles per hour in approaching a street intersection where the driver does not have an unobstructed view of 150 feet. The charging part of the information in part reads:

"* * * Henry Mayse * * * did then and there willfully, unlawfully, wrongfully, and feloniously commit the crime of manslaughter in manner and form as follows, to wit: That is to say, the said defendant * * *did then and there willfully, unlawfully, wrongfully, and feloniously drive and operate a certain automobile, to wit, a Studebaker touring car, at a high and excessive rate of speed, to wit, approximately 25 miles per hour, in a manner endangering the lives and property of others, at and near the intersection of certain highways, to wit, Fourth street and Hudson avenue, in Oklahoma City, said county and state he, said defendant, not having an unobstructed view of 150 feet while approaching said intersection, and while so driving said automobile as aforesaid, he, said defendant, did then and there willfully, unlawfully, wrongfully, and feloniously and recklessly strike with said automobile a certain Ford coupe, in which said Ford coupe one Josie Peck then

and there was riding, then and there and thereby inflicting certain mortal wounds upon the body of her, said Josie Peck, of which mortal wounds she, said Josie Peck, did linger, and lingering did on the 29th day of January, A. D. 1925, die. * * *"

Defendant in effect asserts that, since the state intended to charge manslaughter in the first degree by one engaged in the commission of a misdemeanor, and since this court in Missel v. State, 33 Okla. Cr. 376, 244 P. 462, held invalid the act of the Legislature in attempting to define this misdemeanor as too indefinite, the information fails to charge any offense. As the defendant was convicted of manslaughter in the second degree, it is immaterial whether or not the information correctly charges first degree manslaughter, if it sufficiently charges manslaughter in the second degree. Loundenback v. Territory, 19 Okla. 199, 91 P. 1030, 14 Ann. Cas. 988. Manslaughter in the second degree is defined in section 1745, Comp. Stat. 1921, as follows:

"Any killing of one human being by the act, procurement or culpable negligence of another, which, under the provisions of this chapter, is not murder, nor manslaughter in the first degree, nor excusable or justifiable homicide, is manslaughter in the second degree."

The allegation that defendant drove an automobile at a high and excessive rate of speed, approximately 25 miles per hour, in a manner endangering the lives and property of others at the intersection of the streets named, and did recklessly strike the Ford coupe in which the said Josie Peck was riding, inflicting wounds which caused her death, is a sufficient charge that the death of Josie Peck was by the culpable act of defendant. Nail v. State, 33 Okla. Cr. 100, 242 P. 270. The further allegation that the act occurred at a street intersection, where the view was not unobstructed, may be treated as a further statement of negligence or as surplusage.

It is next argued that the evidence is insufficient to

sustain the verdict and judgment. The particular deficiency stressed is that it is not shown that defendant was driving the car which collided with the Ford coupe and caused the death of Josie Peck. The collision occurred at night. The witnesses in the main agree that a large car containing four men collided with the coupe, and that the large car did not stop, but drove rapidly away. One witness testified that he thought it was a Studebaker. A police officer testified that he came upon the scene shortly after the collision; that he had the first three numbers of the car, and on returning to the station found defendant there with the car which had been in a collision. It was proven that at about this time defendant was driving a large Studebaker, containing three other men; that it had a collision, and was considerably injured on the left side. Shortly after defendant reported a collision at police headquarters. The county attorney testified that the following day defendant told him he had taken a drink or two, and was driving across this street when the collision occurred. There are some other incidental circumstances. Neither defendant nor any of the persons with him in the car testified. The evidence is circumstantial, but sufficient to satisfy the requirements of the law. When there is sufficient evidence, although circumstantial, to sustain the verdict and judgment, this court will not reverse on the ground of insufficiency.

It is next contended that the instructions are erroneous; it being argued that the evidence made a case of manslaughter in the first degree or nothing, and that the instruction on the law of manslaughter in the first degree was prejudicial. This relates generally to the first assignment of error, just considered and disposed of by what is said there.

The final complaint is that the court erred in excluding evidence offered by defendant. It appears that one Bentley was used as a witness by the state, and on cross-examination defendant sought to show that he had

been arrested on a charge of obtaining money under false pretense and had been released without bail, which offer was excluded. It is urged in substance that this was material, as affecting the credibility of this witness, as showing his desire to ingratiate himself with the prosecuting officers. This, we think, would be a rather strained view of the evidence and surrounding circumstances, particularly as his evidence was along the same line as that of several other witnesses, and it might have been stricken or omitted without affecting the state's case. If the evidence was competent for the purpose offered, which is extremely doubtful, it would not warrant a reversal. Porter v. State, 8 Okla. Cr. 64, 126 P. 699; Slater v. U. S., 1 Okla. Cr. 275, 98 P. 110.

Viewing the entire record, it is sufficiently proven the defendant was driving the automobile that collided with the Ford coupe. He had been drinking. He drove, without stopping, into the street intersection. He drove rapidly away after the collision, indicating he knew himself at fault; for it cannot be contended that a collision such as this could have been unknown to him and the other occupants of the car. The result to defendant is serious, but there is sufficient proof of culpable negligence. The defendant had a fair trial, and there has been no miscarriage of justice.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.