## OVERTON v. STATE.

No. A-11614. Jan. 30, 1952.

Rehearing Denied Feb. 20, 1952.

(243 P. 2d 363.)

John F. Booth, Jr., Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant, Cecil Thomas Overton, was charged in the district court of Oklahoma county with the crime of driving an automobile on the public highway while under the influence of intoxicating liquor after having been formerly convicted of the crime of operating a motor vehicle on the public highway while under the influence of intoxicating liquor; was tried and convicted with the punishment left to the court. The defendant was thereupon sentenced to serve a term of one year imprisonment in the penitentiary, and has appealed.

The first assignment of error is the contention that the evidence was wholly circumstantial and was insufficient to sustain the conviction.

Lester Harper testified that on September 14, 1950, he was traveling east on Reno street in Oklahoma City in company with his wife and another man. About 10:30 p.m. the defendant ran the stop sign on Reno street, made a left-hand turn, and struck the car of Harper. The bumpers on the two cars locked for a short distance. Overton's car proceeded for about a block before it was stopped. Harper testified that he was bumper to bumper with Overton, driving right behind him for about a block before they stopped, and that he saw Overton driving the car. He stated that he talked to Overton for about five minutes before Officer Rankin arrived; that Overton could hardly walk and that his talk was so twisted that you could not understand what he was saying. His breath had the odor of whiskey on it and in the opinion of the witness defendant was drunk. On cross-examination Harper testified that he not only saw the driver of the Overton car, which was the defendant, but that after the car stopped the defendant got out from under the wheel.

J. W. Rankin testified that he was an accident investigator in the Oklahoma City police department; that on September 14, 1950, he investigated an automobile accident at about Tenth and North Durland and found two vehicles sitting side by side on Reno street. He arrested defendant and had him in custody for about forty-five minutes. Defendant was drunk. Defendant said he had only drunk a few beers. Defendant told the officer he was not driving the car but that another gentleman, who was in the car with him, was the driver.

Ray Clark testified that he was a member of the Oklahoma City police force and investigated the automobile accident at Reno and South Byars street in which the defendant was involved. The defendant was drunk. Overton first said he was not driving the car but after he arrived at jail he told them that he was the driver.

The defendant testified in his own behalf that he, his wife, Douglas Hoskins, and a Mr. Brown were all in his automobile the night the collision occurred with Harper's car. The defendant, Hoskins and Mrs. Overton were riding in the front seat and Brown in the back seat. Hoskins was driving at the time of the collision with Harper. He denied being drunk but said he had been drinking; that he had drunk two bottles of beer and a drink of whiskey some time during the day. His wife was drunk but Hoskins was sober. On cross-examination he admitted two previous convictions for driving an automobile on the highway while in a drunken condition. In addition to that, he admitted conviction for second-degree burglary in 1937; for second-degree forgery in 1940; and for the crime of larceny in 1950; and the crime of assault with a dangerous weapon in 1932; in addition to a conviction for operation of a whiskey still.

J. M. Brown testified that he was in the automobile with the defendant the night of the collision, and that Douglas Hoskins was driving the car at the time of the collision with the car driven by Harper. He testified that he had been drinking; that after the collision he went back to his hotel room.

In rebuttal, Officer Clark testified that the witness Brown was not at the scene where the two automobiles were stopped when he arrived.

Dale Stingley testified that he was a truck driver and was with Harper in Harper's automobile at the time of the collision. He testified that after the collision Harper started chasing the Overton car and came up to the rear of it to where they were bumper to bumper. The witness could see inside of the Overton car and could see the defendant driving. When the car stopped defendant got out from under the wheel. He was intoxicated. He did not see Mr. Brown, who testified as a witness for defendant. There were only three people in defendant's car, the defendant, Hoskins and defendant's wife.

The above evidence was sufficient to sustain the conviction. The argument set forth in the brief of the defendant is directed at the weight of the evidence. The weight to be given to the evidence is a question solely for determination of the jury. Our function is limited to an examination of the record to see whether there is any competent evidence in the record from which the jury would be justified in finding the defendant guilty as charged.

Counsel for defendant is incorrect in his assertion that the evidence was wholly circumstantial. Two of the witnesses testified positively that they could see Overton under the wheel driving the car. In addition Overton admitted to the police officer at the jail that he was the driver. This admission was direct evidence and not circumstantial. It is well settled that unless all the evidence of the state is circumstantial, it is unnecessary to give an instruction on circumstantial evidence. Lincoln v. State, 86 Okla. Cr. 415, 193 P. 2d 618.

Complaint is made of the testimony of Officer Rankin wherein he swore that Mrs. Overton stated that Mr. Overton was driving the automobile of Overton. This testimony of the officer was admitted without any objection. The officer testified that he had a conversation with defendant, and with another man, and defendant's wife, in the presence of all of them there in defendant's car. He swore that the other man said that he was driving the Overton car but that Mrs. Overton spoke up and said that Mr. Overton was driving the car. All of this conversation took place in the presence of defendant. No objection to the admissibility of this evidence was made by counsel for defendant, and we do not deem it to be reversible error.

The principal assignment of error, upon which reliance is made for reversal of the conviction, is the assertion that the motor vehicle act of 1949 repealed Tit. 47, O. S. 1941 Sec. 91, which was the statute defining highways, and that at the time it is alleged the defendant drove his automobile on the night in question there was no statute making it a crime for such alleged drunken driving. In the recent case of Ex parte McMahan, 94 Okla. Cr. 419, 237 P. 2d 462, this question was specifically discussed and was decided contrary to the contention of the accused. The law of the case as set forth in sections 3 and 4 of the syllabus provide:

"Where one section of a statute adopts the particular provisions of another section of a statute by a specific and descriptive reference to the section of the statute adopted, the effect is the same as though the section of the statute which is adopted had been incorporated bodily into the adopting statute, and the subsequent repeal of the section of the statute referred to and adopted does not affect the adopting statute, in the absence of a clearly expressed legislative intention to the contrary.

"In 1923 the Legislature enacted a law prohibiting the driving of an automobile on the highways of Oklahoma while under the influence of intoxicating liquor, Tit. 47, O. S. 1941 § 93, and referred to and adopted the definition of highways as set forth in Sec. 1 of that act, now known as Tit. 47 O. S. 1941 § 91.

The Motor Vehicle Act of 1949 repealed Tit. 47 O. S. 1941 § 91, which was the statute defining highways. Such repeal did not affect Tit. 47 O. S. 1941 § 93, and such act is a valid and existing statute under which a prosecution for driving an automobile on the state highway while under the influence of intoxicating liquor on April 10, 1951, could be maintained."

The judgment and sentence of the district court of Oklahoma county is affirmed.

BRETT, P. J., and POWELL, J., concur.