**Leon C. JORDAN, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12557.**

Criminal Court of Appeals of Oklahoma.

April 9, 1958.

Rehearing Denied June 11, 1958.

Lee Welch, Antlers, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

The plaintiff in error, Leon C. Jordan, defendant below, was charged by information in the District Court of Pushmataha County, Oklahoma, with the crime of murder. Therein, it was alleged that the defendant, Jordan, with premediated design and intent to kill, did by means of a .22 caliber rifle, shoot Bill Donica in the head and kill him. The defendant was tried by a jury, convicted of manslaughter in the first degree, and his punishment fixed at eight years in the penitentiary. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

The record discloses a sharp conflict in the facts as to the homicide. The state's evidence disclosed this homicide was the result of intoxication on the part of both the decedent and the defendant. The decedent and his wife, Dema, were invited to spend the night with the defendant and his wife. The decedent and the defendant drank during the evening. At bedtime, the decedent and his wife retired to the north-east bedroom and the defendant and his wife retired to the south-east bedroom. The decedent did not want to go to sleep and prevented his wife from doing so. She determined to go home and attempted to get up, but her husband restrained her. She being unable to reach the light switch, she called for Mrs. Jordan. As Mrs. Jordan came in and turned on the light, the defendant followed her into the guests' room. Mrs. Donica got up and ran into the kitchen and her husband followed her. Mr. and Mrs. Jordan attempted to settle the difference by suggesting the two men sleep in one bedroom and the two women in the other. However, Bill Donica refused to be so persuaded. The defendant, Jordan, told him, "I have. fooled with you as long as I am going to, I am just going to kill you." He then reached for a .22 rifle hanging against the wall and a struggle ensued over the gun between Mrs. Jordan, Bill Donica, and the defendant. The gun went off and Donica retreated to the kitchen. Mrs. Jordan staggered around and fell, shot in the mouth, mortally wounded. The defendant then raised the gun and shot Bill Donica, who was standing in the middle of the kitchen, in the head, killing him instantly.

The defendant testified he had not been drinking and was not intoxicated. He contended he got the gun to restrain Donica, who he believed was choking Mrs. Donica; that his own wife was shot accidentally in the scuffle; and the decedent reached for a hunting knife on the table and said, "I will kill you, you — — — —." He said he shot Donica in self defense, believing his life was in danger because Donica was a quarrelsome and dangerous man when intoxicated.

■ On this state of facts, the jury's verdict indicates extreme leniency, not prejudice. The case would have supported a much greater penalty. Only because of

the splendid representation of counsel and the decedent's quarrelsome and evil disposition when drinking, did the defendant escape with a lesser penalty. The record discloses that he stated immediately after the shooting that he did not know why he did it. The reason is apparent that he did it either because his mind was twisted by alcohol, or because when he saw he had killed his wife who was trying to prevent his using the gun, he then in the heat of passion wanted more than ever to kill the man who had precipitated the unfortunate mess. These conclusions are sustained by the evidence beyond a reasonable doubt. As has been repeatedly held, the conflicts in the evidence present a question for the sole determination of the jury. Dodson v. State, Okl.Cr., 284 P.2d 437.

■ The defendant presents his assignments of error under seven propositions. First, the defendant contends it was reversible error for the county attorney to read the information to the jury and not advise them that the defendant had entered a plea of not guilty. The trial court's instructions so informed the jury. The county attorney's failure in this regard while error was not reversible in light of the trial court's instruction informing the jury the defendant had entered a plea of not guilty. Better practice dictates that the county attorney inform the jury of the defendant's plea, but the trial court's instructions informing the jury of the defendant's plea of not guilty, put in issue all the essential allegations of the information, and that was sufficient. Miller v. State, 94 Okl.Cr. 198, 232 P.2d 651. It has even been held that the failure of the county attorney to state the plea is error without injury and therefore does not constitute reversible error. Brannon v. State, 39 Okl.Cr. 207, 264 P. 835.

■ Second, the defendant assigns as error the trial court's action in permitting the decedent's widow to remain in the courtroom and within the bar during the trial, over the defendant's objection and exception. The defendant concedes the right to have witnesses placed under the rule and excluded from the courtroom during the trial is not an absolute right of the defendant but is a matter within the discretion of the trial court. Harrell v. State, 36 Okl.Cr. 225, 253 P. 516, 517. Judge Doyle said therein:

"It is the proper practice to permit the prosecuting witness * * * to remain for the purpose of advising the prosecuting attorney as to the facts."

It has been held that to permit the widow to remain in the courtroom is not an abuse of discretion. State v. Thompson, 338 Mo. 897, 92 S.W.2d 892. Particularly is this true where the widow was the first witness for the state who was examined and cross-examined before any other evidence was offered. Under such conditions, we do not see any substantial basis for a claim of error. Smartt v. State, 112 Tenn. 539, 80 S.W. 586.

■ Third, it is contended by the defendant the trial court erred in permitting witnesses to detail statements made by the defendant, such as, "Someone take a gun and shoot me," and that he guessed he would go to the electric chair but if he did, he would take it like a man; "I don't know why I killed Bill and Lillian, I am sorry," and other such statements. The defendant cites no Oklahoma cases on this point. These statements were declarations from which an inference of guilt may be drawn, and admissions against interest, and as such are admissible as direct and original evidence. 22 C.J.S. Criminal Law § 730, p. 1243, note 6; 22 C.J.S. Criminal Law § 730, p. 1245, note 7. It has been so held in this jurisdiction. In Strong v. State, 46 Okl.Cr. 167, 287 P. 1091, 1092, it is held:

"The state may show by testimony of other witnesses a conversation between a defendant and another party, and it may prove statements made by both the defendant (which are in the nature of an admission against his interest) and by the other party or defendant, but it is for the jury to

say from all the conversation whether or not the statement made by the defendant is admission*s* against his interest."

Overton v. State, 95 Okl.Cr. 127, 243 P.2d 363; Loudenback v. Territory of Oklahoma, 19 Okl. 199, 91 P. 1030. In Jackson v. State, 29 Okl.Cr. 429, 234 P. 228, Judge Doyle went so far as to hold:

"Any statement of the defendant, relative to the offense for which he is being tried, is admissible."

The foregoing statements were clearly admissible.

■ Fourth, the defendant complains the prosecuting counsel were guilty of conduct designed to arouse prejudice or passion and thus prevented the accused from having a fair trial. He charges the prosecution with employing police court tactics, such as repeatedly, by different witnesses, detailing what they saw; two dead bodies, and two pools of blood. In so doing, we cannot see how this repetition of the cold hard facts of the killing could constitute anything more than corroboration, where it does not appear that an unreasonable number of witnesses was offered and heard in this regard. Certainly the verdict refutes the prejudice contended for by the accused. It by no means, under the facts, indicates prejudice or passion.

He further complains that the evidence likewise was repetitious as to defendant's intoxicated condition as against his positive denial thereof. Because of the defendant's denial of intoxication at the preliminary and former trial, the state knew it must offer all its proof on this point and no doubt its repetition became monotonous to the defendant. This was a question of fact for the jury, not this Court. The defendant cites no authority in support of this point. Upon examination of the record, we are of the opinion the conduct of counsel for the state was not such as to support the charge of denial of a fair trial.

Fifth, the defendant asserts the trial court erred in not declaring a mistrial for the above alleged misconduct of the state.

It is apparent that our conclusion on proposition four constitutes an answer to this contention.

■ Finally, the defendant in propositions six and seven contends the trial court erred in refusing to give his requested instructions and cover his theory of the defense. The defense herein had many facets; self-defense, defense of his wife, defense of the defendant's wife, defense of his home. The trial court devoted ten separate instructions to the defendant's theory. The defendant cites no authority in support of his contention in this regard and we are of the opinion that the trial court's instructions amply covered the defendant's many faceted theory of his defense.

Finding no substantial errors herein, the judgment and sentence is accordingly affirmed.

POWELL, J., concurs.

NIX, J., not participating.