William C. (Bill) LEWIS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14854.

Court of Criminal Appeals of Oklahoma.

June 4, 1969.

Rehearing Denied June 26, 1969.

Second Rehearing Denied Sept. 17, 1969.

Stipe, Gossett, & Stipe, McAlester, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., Grayson Van Horn, Legal Intern, for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge:

William C. (Bill) Lewis, hereinafter referred to as defendant, was charged in the District Court of Pittsburg County with the crime of Murder; he was tried by a jury who found him guilty of the included offense of Manslaughter in the First Degree, and fixed his punishment at seven years imprisonment in the State Penitentiary. From said judgment and sentence, a timely appeal has been perfected to this Court.

Defendant's first proposition of error is based upon the fact that the trial court did not allow defendant to cross-examine Officer Watkins concerning the alleged presence of another person at the scene of the crime during the events which led to the prosecution.

As stated by defendant, the cases granting the trial court broad discretion in allowing

or refusing certain courses of cross-examination are legend. The general rule that a person may cross-examine as to any matter reasonably raised by the direct examination of a witness requires an examination of the subject matter inquired into during the direct examination of Officer Watkins.

From the record we find that the direct testimony of Officer Watkins touched upon his occupation and the fact that he conducted an investigation of the place of the alleged murder. He testified concerning a hole found in a chair in the room in which the shooting took place, blood stains on the chair, and a bullet found in the wall behind the chair. He also stated that he searched the bedroom, found the gun used in the killing and shells contained therein, kept the evidence in his personal possession under lock until it was sent to Oklahoma City the next morning, and gained possession of the pants and shirt the victim had been wearing and the pants of the defendant. He described the furniture he saw in the house, and said that it was in order although the room was in general disarray. He further testified that he took paraffin tests and a blood sample from the defendant.

In the casemade at pages 290–295, we find the following cross-examination of Officer Watkins:

"Q. Well, did you talk to anybody that purported to know what had happened out there?

A. No eye witnesses, no.

\*   \*   \*   \*   \*   \*

Q. Did you during the course of your investigation determine that another person had been present at 400 East Choctaw that evening? (Objection as being beyond the scope of the direct examination was sustained).

\*   \*   \*   \*   \*   \*

Q. Alright—can't you tell this court and jury whether or not that officer found that there had been a taxicab go to this address and pick up a person – – –." (Objection on the basis of hearsay was sustained).

CM: Pages 305–306:

"Q. Now I take it—I'll again ask you sir, did you interview any witnesses or have your officers interviewed any witnesses that were present at the time or the approximate time that this call came in for 400 W. Chickasaw [sic]?" (Objection as being beyond the scope of the direct examination was sustained).

Thereafter, defendant specifically asked that this witness not be excused and that he remain for further questioning.

█ It is abundantly clear that the line of questioning pursued by defendant was not within the scope of the direct examination. At no time during the direct examination was there any mention of any third person present at the scene of the crime upon the day in question. Therefore, the court was correct in sustaining objections to the line of questioning proposed by defendant. Since defendant specifically asked that the witness not be excused, he had the right to put this witness on the stand for direct examination as a part of his case in chief, where he could elicit the testimony not allowed upon cross-examination. Therefore, there was no denial of any right of the defendant.

It should be noted that the State later introduced a witness who was at the scene of the killing shortly before the killing. She fully testified as to her presence, what she saw, and when she left. (CM 350–360). Thereafter, defendant asked no more questions about any unknown witness to the crime and did not recall Officer Watkins.

█ We follow the general rule, as stated in Syllabus No. 1 in Williams v. State, 92 Okl.Cr. 70, 220 P.2d 836, as follows:

"On cross examination of a witness, the party cross examining should be confined to the matters concerning which the witness has been examined in chief, but this rule should be liberally construed so as to permit any question to be asked on cross examination which reasonably

tends to explain, contradict, or discredit any testimony given by the witness in chief or to test his accuracy, memory, skill, veracity, character, or credibility."

See also Kennamer v. State, 59 Okl.Cr. 146, 57 P.2d 646 (1936) and Campbell v. State, 95 Okl.Cr. 396, 247 P.2d 281 (1952). The Campbell case concerned a refusal by the trial court to allow defendant to cross examine one of the State's witnesses upon a matter not covered by the direct examination. This matter would have constituted a defense for defendant. The court cited the Kennamer rule and held that there was no abuse of discretion when the trial court refused cross examination, since a defense should be raised in defendant's case in chief.

In the instant case the Judge, by allowing a recall of the witness by the aggrieved party, precludes any abuse of discretion in denying cross examination, since he has insured the aggrieved party the right to have the testimony brought out at a later time. Since no abuse of discretion appears, we are of the opinion that this assignment of error is wholly without merit.

Defendant next contends that there is error in allowing a transcript of defendant's testimony at his bond hearing to be admitted into evidence, read by the prosecutor to the jury, and taken into the jury room along with all the other evidence introduced at the trial.

In this regard we find at page 364 of the casemade where the defendant stipulated as to the formal identification of State's Exhibit 17, which is the transcript of the testimony of defendant taken at his bond hearing; therefore defendant can not predicate any error on the grounds of lack of authenticity of the transcript.

In 98 C.J.S. Witnesses § 361, the pertinent part thereof states:

"A stenographer or court reporter who took notes of the testimony of a witness or the statement of a person may use his notes or a transcript thereof to refresh his memory * * * or, where his memory is not revived, he may read from the notes or the transcript * * *.

* * * Another person will not be permitted to read or testify from a transcript of a reporter's notes taken at a former trial where the transcript is not vouched for by the reporter * * *."

Thus it can be seen that a court reporter can read entirely from a transcript so long as it is proven accurate, and the only objection to having another person read from a reporter's notes is if it is not authenticated. In the instant case counsel for defendant stipulated as to the authenticity of the transcript, and we therefore hold that allowing the prosecutor to read the transcript is not error.

Defendant also asserts as error the admission of a statement made voluntarily by him, while represented by counsel, at the hearing to set bail, and contends that use of this statement at his trial is violative of his privilege against self-incrimination. He cites as authority Piassick v. United States, 5 Cir., 253 F.2d 658, which concerns admission on cross examination of defendant, evidence of a prior offense based on a plea of nolo contendere, and it is not in point as to the question presented in the present appeal. He also cites Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). It is to be noted that the Simmons case involved testimony concerning an illegal search and seizure, which, if used at the trial, would require him to waive one of his constitutional rights in order to retain the fifth amendment right to refuse to incriminate himself. This is not the same situation before this Court, and we will not involve ourselves with this issue; suffice it to say, that we have repeatedly held that any statement made by a defendant which is in the nature of an admission or from which inference of guilt may be drawn, is admissible as direct and original evidence. See Born v. State, Okl.Cr., 397 P.2d 924 (1964) and Jordan v. State, Okl.Cr., 327 P.2d 708 (1958). In the early case of Jack-

son v. State, 29 Okl.Cr., 429, 234 P. 228, this Court in 1924, stated:

"  *  *  *  The defendant objected to the state proving by the county court reporter certain statements made by the defendant at the preliminary hearing.  *  *  *  It is a well-settled rule that any statement of the defendant relevant to the offense for which he is being tried is admissible. *  *  * "

[It might be noted that this authority also applies to the immediate preceding proposition].

■ Finding this assignment of error without merit, we shall next consider defendant's proposition that the court erred in refusing permission to defendant to re-open his case for the offering of additional evidence which referred to a scale drawing of defendant's home and an additional witness to show the presence of another person at the scene of the crime. In the present appeal, the offering of a scale drawing of the defendant's home where the alleged murder took place could have been of no further value to defendant, since there was already sufficient competent evidence of the size of the rooms and their layout. In fact, the physical characteristics of the home were not determinative of the outcome of the case. The additional testimony offered was only cumulative to the testimony already of record as to the time at which Ruth Malone phoned for a taxicab on the evening of the killing.

■ In Sowle v. State, Okl.Cr., 424 P.2d 993, in the first paragraph of the Syllabus, this Court held:

"The Court of Criminal Appeals has repeatedly held that to re-open a case is within the sound discretion of the trial court, and unless an abuse of that discretion clearly appears, no question is presented for review."

Under the circumstances heretofore presented, it can be seen that there was no abuse of discretion in refusing to allow defendant to re-open his case to present cumulative evidence, and we find this assignment of error also to be without merit.

■ Defendant next contends that the court erred in instructing the bailiff to take all the exhibits, along with the instructions and forms of verdict, into the jury room upon retiring. The exhibits complained of included the pistol, the deceased's blood-stained clothing, the large drawing of the deceased's body and other exhibits. Defendant cites several cases in his brief; however, an examination of these cases reveals that none are directly in point with the case here presented. In 23A C.J.S. Criminal Law § 1369(e), we find:

"  *  *  *  Accordingly, where previously introduced into evidence it has been held proper to allow the jury to take with them on retirement various articles of personal property connected with the case, such as appliances and equipment, binoculars, *clothing of a victim of a homicide,* or other offense, or *weapons or instruments* used in the commission of a crime  *  *  *." [Emphasis added].

In the case of Crossett v. State, 96 Okl.Cr. 209, 252 P.2d 150, this Court, speaking through the Honorable Judge Powell, had this to say:

"  *  *  *  It appears that *all the exhibits* introduced during the trial were taken to the jury room. Among such exhibits was a quart bottle of beer and a quart broken beer bottle with cap intact on the neck opening  *  *  *  this court has held that the permitting of the jury to examine the exhibits is a matter largely within the sound discretion of the court  *  *  *  and the rule is too well established, and the facts not sufficient to justify a conclusion of abuse of discretion by the court.  *  *  * " [Emphasis added].

And further, in the case of Camp v. State, 66 Okl.Cr. 20, 89 P.2d 378, this Court set forth the further rule that the burden is affirmatively upon the defendant to show that there was an abuse of discretion by the trial judge in allowing exhibits to be sent to the jury room. Since this was not done, we are of the opinion that this assignment of error is without merit.

■ Defendant next asserts in his brief that the argument of the prosecutors is replete with reference to the defendant's failure to testify; however, he fails to point out a single instance in which such prejudicial statements were made. An examination of the record reveals no reference to the failure of the defendant to take the witness stand in his own behalf, and for this reason we must hold this assignment of error to be without merit.

■ Defendant next contends that the trial court erred in refusing to instruct the jury on Manslaughter in the Second Degree. It should be noted that this prosecution was for Murder and that death was effectuated by means of a dangerous weapon—a gun. The evidence raised only two possible defenses to Murder, voluntary intoxication of defendant and justifiable homicide resulting from self-defense. As to the voluntary intoxication, 21 O.S. § 153, is as follows:

"No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his having been in such condition."

In Choate v. State, 19 Okl.Cr. 169, 197 P. 1060, this Court stated in 1921:

"It has been held by this court that voluntary intoxication may be shown in mitigation of the offense, when one is charged with murder, where the person is in such a state of intoxication as to preclude a premeditated design or intent to take human life. In such a case the crime is not murder, but *manslaughter in the first degree.* [Emphasis added].

No instructions on Manslaughter in the Second Degree were given, and the court did not deem them necessary in a case of homicide involving voluntary intoxication. Since Manslaughter in the First Degree encompasses a killing perpetrated with a dangerous weapon even though done while voluntarily intoxicated, these facts cannot justify the giving of an instruction on Manslaughter in the Second Degree, and the court was correct in refusing to give an instruction on that crime. Thus, we find this assignment of error to be without merit.

■ Defendant lastly contends that there was error in allowing Officer Garrison to make a rough sketch on a blackboard, that said drawing was not offered into evidence and not made a part of the casemade so that it might be preserved for the records on appeal. We deem it only necessary to point out that the rough sketch made by Officer Garrison on the blackboard in the courtroom to be used by him as an aid in testifying as to the size and layout of the defendant's home and in testifying as to the location of furniture therein, was proper even though not admitted into evidence. *His testimony was the actual evidence in this case.* In Garrett v. State, 95 Okl.Cr. 44, 239 P.2d 439, this Court held that it was not error for the trial court to allow a witness to testify from an object not admitted into evidence so as to refresh his memory as to the scene of the occurrence.

No constitutional or statutory right of the defendant was violated by the failure to put the blackboard into evidence since the actual evidence of the size and shape of the room and the location of the furniture was the direct testimony of Officer Garrison; however, there were introduced into evidence properly identified and accurate photographic pictures of the premises. This assignment of error is also without merit.

Having dealt with all the assignments of error of defendant, urged on appeal, and finding none to have merit sufficient to jusify modification or reversal, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., concurs.

NIX, J., not participating.