**Otis Eugene BAGSBY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–337.**

Court of Criminal Appeals of Oklahoma.

Sept. 16, 1974.

S. Thomas Coleman, Jr., Asst. Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Bill James, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Otis Eugene Bagsby, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, of the offense of Attempted Robbery With Firearms, After Former Conviction of a Felony (Case No. CRF–73–986). In accordance with the jury's verdict he was sentenced to confinement in the State penitentiary for a period of ninety-nine (99) years. Presenting two assignments of error, he appeals said judgment and sentence to this Court.

Defendant does not challenge the sufficiency of the evidence adduced at his trial and therefore we do not find it necessary to set forth the facts of this case. We note only that the verdict of the jury was supported by ample competent evidence.

■ In the first proposition defense counsel asserts that the trial judge erred in refusing to grant defendant's request for a continuance in order to obtain the presence of a court reporter and his untranscribed notes of another hearing so that defendant could attempt to impeach the testimony of Jerry Mendenhall, a Tulsa police officer. Referring to testimony and argument on pages 59, 60 and 67 of the trial transcript, counsel relies on the case of Lewis v. State, Okl.Cr., 458 P.2d 309 (1969), in support of his contention that the trial judge should have granted defendant a continuance in order to secure the presence of this court reporter together with his notes of another hearing involving defendant. Counsel asserts that Officer Mendenhall's testimony at the previous hearing was contrary to certain parts of the testimony given at the instant trial.

Defense counsel states in his brief that this request for the court reporter and the denial thereof occurred on cross-examination of Officer Mendenhall while he was testifying as a State's witness. Reviewing the record we find that counsel is mistaken. In fact, Mendenhall was a witness for the defense and all of the events complained of occurred during his direct examination.

The arguments raised by both the defendant and the State proceed from this starting point, unfounded in fact, that Officer Mendenhall was a State's witness being cross-examined by defense counsel. These arguments, such as the acceptability of an unauthenticated transcript and the discretionary power of the court to grant or refuse an application for continuance in order to procure an absent witness, are not applicable to the situation presented by the record. As Officer Mendenhall was testifying on direct examination as a defense witness, the legal issues raised by defendant's request to offer impeaching testimony are entirely different than those argued in the briefs. A party's impeachment of his own witness presents questions and issues entirely separate from those involved in the impeachment of an adverse party's witness. See Sturgis v. State, 2 Okl.Cr. 362, 102 P. 57 (1909) and Wiese v. State, 47 Okl.Cr. 59, 287 P. 1099 (1930). As the issue raised on appeal is wholly unsupported by the record we dismiss this proposition.

■ Defendant's second proposition of error asserts that the trial judge erred in failing to strike the in court identification of defendant made by one of the witnesses. This proposition is improperly before this Court as the defendant has cited no authority in support of his argument. In the case of Sandefur v. State, Okl.Cr., 461 P. 2d 954 (1969) we stated:

"It is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and the citations of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial court has erred."

Finding no error sufficient to justify modification or reversal of this cause, it is our opinion that the judgment and sentence appealed from should be, and the same hereby is, affirmed.

BLISS, P. J., concurs.